IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, *et al*, | * |
| Plaintiffs, | * |
| v. | *     Case No.: GJH-17-2270 |
| CHRISTOPHER L. PARA, *et al*, | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiffs National Electrical Benefit Fund ("NEBF") and National Electrical Annuity Plan ("NEAP") (collectively, "Plaintiffs") filed this action against Defendants Christopher L. Para[1] and Interlink Energy Services, Inc. (collectively, the "Defendants") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Now pending before the Court is Plaintiffs' Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b), ECF No. 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Default Judgment is granted, and judgment is entered against Interlink in the amount of $6,056.41 in favor of NEBF and $19,087.56 in favor of NEAP, for a total of $25,143.97.

**I.  BACKGROUND**

The following facts are taken from the Amended Complaint, ECF No. 7, and evidentiary exhibits in support of the Motion for Default Judgment, ECF Nos. 14-1, 14-2. The NEBF and NEAP are multiemployer employee pension benefit plans within the meaning of Section 3(2) of

---
[1] On January 3, 2018, Plaintiffs dismissed their claims against Defendant Para. ECF No. 13

1

ERISA, 29 U.S.C. § 1002(2), which have been established pursuant to agreements entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 7 ¶¶ 4–5. Employers agree to participate in the NEBF and NEAP pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. *Id*. ¶ 6. The NEBF and NEAP are administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. *Id.* ¶¶ 4–5.

Plaintiffs state upon information and belief that Defendant Interlink Energy Services, Inc. ("Interlink") is an Illinois corporation whose main place of business is 452 Scotland Road, Lakemoor, IL 60051. ECF No. 7 ¶ 7. Interlink is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce. *Id.* ¶ 7. Plaintiffs state upon information and belief that Christopher Para is the president and sole owner of Interlink, and that his address for service of process is 6215 Johnson Road, Hebron, IL 60034. *Id.* ¶ 8.

At all times relevant to the action, Interlink was a signatory to collective bargaining agreements with IBEW Local Union 196 as the collective bargaining representatives for Interlink's employees. *Id.* ¶ 9. According to the Amended Complaint, the collective bargaining agreements obligated Interlink to submit contributions to the NEBF and NEAP on behalf of employees covered by the Agreements. *Id.*

Plaintiffs allege that Interlink was bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund ("NEBF Trust Agreement"), and the Agreement and Trust for the National Electrical Annuity Plan ("NEAP Trust Agreement"), which governed administration of the NEBF and NEAP, respectively. *Id.* ¶¶ 13, 24. The NEBF and NEAP Trust Agreements obligated Interlink to make certain monthly

contributions, and provided for the collection of interest, liquidated damages, and audit fees regarding delinquent contributions. *Id.* ¶¶ 14, 25.

Interlink allegedly failed to contribute to NEBF and NEAP for work performed by Interlink's covered employees in 2014. *Id.* ¶¶ 15–16, 26–27. According to an audit conducted by an independent auditor in February 2017, Interlink failed to pay the NEBF $2,532.65 and the NEAP $10,974.78 in contributions due for the work performed by employees covered by the Collective Bargaining Agreement in 2014. *Id.* ¶¶ 16, 27. NEBF and NEAP made demands that Interlink pay the contributions, but Interlink has refused to do so. *Id.* ¶¶ 17, 28. NEBF alleges that their audit cost $450.00, that the interest on the delinquent NEBF contributions is $881.38, and that liquidated damages owed are $506.53. *Id.* ¶¶ 18–20; ECF No. 14-2 at 51.[2] NEAP alleges that its audit cost $412.50, that the interest on the delinquent NEAP contributions is $3,819.47, and that liquidated damages owed are $2,194.96. ECF No. 7 ¶¶ 29–31; ECF No. 14-2 at 53.

Plaintiffs filed the initial Complaint on August 9, 2017, ECF No. 1, and filed an Amended Complaint on October 12, 2017, ECF No. 7. Defendants were served on October 27, 2017. ECF Nos. 9–10. An Answer from Defendants was due on or before November 17, 2017. *Id.* On November 20, 2017, with no answer having been filed, Plaintiffs moved for default. ECF No. 11. The Clerk entered default against Defendants on December 6, 2017. ECF No. 12. On January 3, 2018, Plaintiffs dismissed their claims against Defendant Para, ECF No. 13, and now seek default judgment against Interlink. ECF No. 14. Plaintiffs seek a total of $6,056.41 on behalf of NEAP, and $19,087.56 on behalf of NEAP; these amounts consist of the delinquent contributions, interest, liquidated damages, audit costs, and attorney's fees and costs. *Id.* ¶ 8.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the

appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

## III. ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the NEBF and NEAP is administered in Rockville, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). In the Amended Complaint, Plaintiffs allege that Interlink was obligated under the terms of the Collective Bargaining Agreements and Trust Agreements to make contributions to NEBF and NEAP, but in 2014 failed to contribute $2,532.65 to NEBF and $10,974.78 to NEAP. *See* ECF No. 7 at 5–6. The Affidavit of Angel Losquadro, Director of the Audit and Delinquency Department of the NEBF and NEAP and the accompanying exhibits further establish that Interlink underpaid NEBF and NEAP by this amount. ECF No. 14-2. Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiffs have established Interlink's liability under the Collective Bargaining Agreements, the NEBF and NEAP Trust Agreements, and ERISA.

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012).

In support of its request for damages, Plaintiffs submit Delinquency Reports for the months of January 2014 through December 2017 for both NEBF and NEAP, ECF No. 14-2 at 51–53, and the Affidavit of Angel Losquadro, *id.* at 1–4. The NEBF Report indicates that $2,532.65 of contributions were due. *Id.* at 51. The NEAP Report indicates that $10,974.78 of contributions were due. *Id.* at 53.

Losquadro attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), NEBF and NEAP are authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency,

as well as its audit costs. ECF No. 14-2 at 3, ¶ 12. Thus, Plaintiffs have established that in addition to the unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A), Defendant owes NEBF $881.38 in interest on the delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(B), $506.53 in liquidated damages, *see* 29 U.S.C. § 1132(g)(2)(C)(ii), and $450 in audit expenses, *see* ECF No. 12-2 at 51. Furthermore, Defendant owes NEAP $3,819.47 in interest on the delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(B), $2,194.96 in liquidated damages, *see* 29 U.S.C. § 1132(g)(2)(C)(ii), and $412.50 in audit expenses, *see* ECF No. 12-2 at 51.

In support of NEBF's and NEAP's request for attorneys' fees and costs in amounts of $1,685.85 each, Plaintiffs attach the Affidavit of attorney Jennifer Bush Hawkins. ECF No. 14-1. Hawkins, who has been an attorney for more than twenty years, explains that work was done on this matter by herself, which was billed at $379 per hour, and a legal assistant, which was billed at $139 per hour.[3] *Id.* ¶ 5. Plaintiffs include charts summarizing the hours billed for NEBF and NEAP.[4] *See* ECF No. 14-1 ¶¶ 6–7. The total attorney's fees listed in each chart amount to $1,253.35, which represents 1.95 hours of work done by Hawkins and 3.7 hours done by a legal assistant. *Id.* at 2–5. Furthermore, Plaintiffs' counsel incurred a total of $865.00 of legal costs for the filing and service of process of the original and Amended Complaint. *Id.* at 5, 11–14. The Court finds the time billed and hourly rate applied to be reasonable and commensurate with the Local Guidelines (D. Md. July 1, 2016). Therefore, the request will be granted in full. *See Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *4

---

[3] Courts in ERISA cases such as this one have allowed plaintiffs to collect the fees billed for work done by legal assistants or paralegals. *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 689 (D. Md. 2013); *Nat'l Elec. Benefit Fund v. Bullet Elec., Inc.*, No. TDC-17-576, 2017 WL 3908855, at *7 (D. Md. Sept. 6, 2017).

[4] The Court notes that these charts are identical. The Court confirmed with counsel that, given the interrelated nature of the NEBF and NEAP claims and the joint work done on both sets of claims in this case (e.g., filing a single Complaint and Amended Complaint encompassing the NEBF and NEAP claims), counsel took the total amount of time billed in the case and divided it evenly among NEBF and NEAP.

(D. Md. Jan. 6, 2017) (awarding attorneys' fees and expenses to same counsel for NEBF). Defendant therefore owes $3,371.70 in attorneys' fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Default Judgment, ECF No. 14, is granted against Interlink in the total amount of $6,056.41 in favor of NEBF and $19,087.56 in favor of NEAP, for a total of $25,143.97. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: <u>July     11 , 2018</u>　　　　　　　　　　　　　<u>　　　　/s/　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge